**CITY OF ALEXANDRIA, et al.,**
**Plaintiffs-Appellees,**

v.

**J. Lynn HELMS, James A. Wilding, and**
**The Federal Aviation Administration,**
**Defendants-Appellants.**

**No. 83–1944.**

United States Court of Appeals,
Fourth Circuit.

Oct. 13, 1983.

See also, 4 Cir., 728 F.2d 643.

ORDER

MURNAGHAN, Circuit Judge.

Pursuant to Federal Rule of Appellate Procedure 8(a), and since convening of a panel would be impracticable due to the requirements of time, I am called upon to determine whether a stay (i.e. a suspension) of the injunction issued on September 30, 1983 by Judge James C. Cacheris, United States District Court for the Eastern District of Virginia, should be granted. The District Court's order enjoins the proposed test of amended turbojet departure paths (the "Scatter Plan") scheduled to begin at National Airport on or about October 14, 1983. Of course I do not now decide the final merits of the case, but merely engage in a prediction as to what the probable outcome will be. Approaching the matter in that fashion, and applying the test articulated by this Court in *Long v. Robinson,* 432 F.2d 977 (4th Cir.1970) (mem.), I reach the following conclusions:

1. It is unlikely that plaintiffs will prevail on the merits of the appeal. Rather, it seems likely to me that the Court will rule that the August 30, 1983 Memorandum Decision of J. Lynn Helms, Administrator of the Federal Aviation Administration ("FAA"), is an "order" under 49 U.S.C. § 1486(a) (1976), which would lead to the conclusion that the District Court lacked jurisdiction to grant the temporary injunction. Predicting, but by no means concluding, I am of the view that the proper course for contesting the FAA decision called for an appeal directly to the Court of Appeals. *Compare City of Rochester v. Bond,* 603 F.2d 927 (D.C.Cir.1979) *with City of Irving v. Federal Aviation Admin.,* 539 F.Supp. 17 (N.D.Tex.1981) (mem.).

Moreover, the record strongly indicates that there was a sufficient basis supporting the decision of the FAA that an Environmental Impact Statement was not required in the present circumstances, given the limited consequences and brief duration of the proposed Scatter Plan. *See* 42 U.S.C. § 4332(2)(C) of the National Environmental Policy Act of 1969, requiring an Environmental Impact Statement for "major Federal actions significantly affecting the quality of the human environment." From my review of the record, I do not anticipate a determination by the Court that the FAA's decision was unreasonable, or arbitrary and capricious.

2. Irreparability of injury is, of course, evident insofar as plaintiffs are concerned: once having been subjected to added decibels, they can never be returned to the *status quo ante.* However, I interpret the reference to "irreparable injury" in *Long,* 432 F.2d at 979, to mean more than any injury that cannot be wholly recompensed or eradicated. Both the extent of injury and the consequences over the long term must likewise be taken into account.

3. Also affecting my decision is the consideration that the Scatter Plan will operate to the advantage of other persons resident in the Greater Washington area, who, while not technically parties to this litigation, are nevertheless as intimately concerned as the parties represented by plaintiffs. "Substantial harm" to those persons which would flow from the temporary injunction's effect of denying them the benefits of the Scatter Plan is obviously easier to establish than "irreparable injury" to plaintiffs and the parties they represent.

4. In my judgment the Court is likely to conclude that the public interest would be served by granting the stay. I reach this conclusion even though plaintiffs as a practical matter may suffer a binding and final defeat through the granting of the stay, since the stay concerns an order severely limited in time (ninety days at the maximum). Nonetheless, those public interests in favor of plaintiffs are at least equalled,

and perhaps exceeded, by the public interest served by the stay. A federal agency must be permitted to perform if our government is to function. Here, not insubstantial expenditures have been made, some of which may be irretrievably lost absent the stay. Also, the order of the FAA proceeds from approaches made to it initially on a community-wide basis in the interest of the metropolitan citizens as a whole. It well promotes the public interest for an agency to take part in such an interaction with the community, and to respond in a positive fashion to community participation.

Accordingly, pending appeal, I hereby grant a stay (i.e. a suspension) of the preliminary injunction entered by Judge Cacheris on September 30, 1983.

The case seems to me to be affected by considerations of great public interest and a need for haste. Therefore, I request the clerk to set it for hearing at as early a date as is feasible, no later than the November session of this Court if possible. Of course, an appropriate briefing schedule shall be set by the clerk.