**In re Thomas Lee FREDERICK, Debtor.**

**David MINCEY, Melissa Mincey, Plaintiffs,**

**v.**

**Thomas Lee FREDERICK, Defendant.**

Bankruptcy No. 91–80168.

Adv. No. 91–8024.

United States Bankruptcy Court, S.D. Indiana, Terre Haute Division.

Aug. 23, 1991.

Bradley J. Catt, Vincennes, Ind., for plaintiff.

Terry Maurer, Vincennes, Ind., for defendant.

### MEMORANDUM OF DECISION

HARRY C. DEES, Jr., Bankruptcy Judge.

On June 10, 1991, plaintiffs David and Melissa Mincey filed their COMPLAINT FOR NON–DISCHARGEABILITY OF DEBT against Thomas Lee Frederick, the debtor herein. On August 8, 1991, the court held a pre-trial conference on the complaint at which time the plaintiffs demanded a jury trial. On August 13, 1991, the court took the plaintiffs' demand for a jury trial under advisement. The court now denies the plaintiffs' demand for the reasons set forth below.

#### Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and the October 7, 1988, "Designation of a Bankruptcy Judge for Service in Another District within the Circuit," which the Judicial Council of the Seventh Circuit issued, assigning the undersigned to hear certain cases in the Terre Haute Division of the Bankruptcy Court for the Southern District of Indiana, this case has been referred to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2)(I). This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7052.

#### Background

In their complaint the plaintiffs alleged that on June 9, 1989, while operating a motorcycle at a high rate of speed, the debtor struck a vehicle driven by Melissa Mincey. The plaintiffs submitted that the debtor was under the influence of a narcot-

ic at the time of the accident. As a direct and proximate result of the debtor's action, the plaintiffs claimed that Melissa Mincey suffered serious bodily injuries. The plaintiffs also asserted that David Mincey suffered the loss of his wife's services, society, companionship, and consortium as a direct and proximate result of the debtor's failure to operate his motorcycle properly. COMPLAINT FOR NON–DISCHARGEABILITY OF DEBT, ¶ 6, at 2 (June 10, 1991). The plaintiffs noted that their action against the debtor currently is pending in the Knox Superior Court I in Cause No. 42D01–8911–CP–06 and alleged that they are entitled to recover $500,000 to compensate them for their injuries. The plaintiffs asked this court to deny the debtor's Chapter 7 petition seeking to discharge their debt, to determine that the debtor's obligation to them is non-dischargeable, and to award them appropriate costs and attorney's fees.[1]

In his ANSWER TO COMPLAINT FOR NON–DISCHARGEABILITY OF DEBT filed on July 26, 1991, the debtor admitted that he filed his Chapter 7 petition, that he was driving a motorcycle on June 9, 1991, in Vincennes, Indiana, and that the plaintiffs have filed a lawsuit against him in Knox Superior Court I. He denied the remainder of the plaintiffs' allegations.

### Discussion and Decision

The sole issue before the court at this time is whether the plaintiffs are entitled to a jury trial on their COMPLAINT FOR NON–DISCHARGEABILITY OF DEBT. The Court of Appeals for the Seventh Circuit recently addressed this issue in *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496 at 1505 (7th Cir.1991), holding that a debtor who sought a jury trial to determine the dischargeability of his obligation to certain creditors and the amount of his debt had no right to a jury trial. The

court found that the Seventh Amendment did not grant the debtor a right to a jury trial because "a dischargeability proceeding is a type of equitable claim for which a party cannot obtain a jury trial." *Id.* at 1505. The court distinguished dischargeability proceedings from actions to recover preferential transfers,[2] noting that dischargeability matters historically have been equitable actions tried without juries. The court also found that even if it were to assume that the dischargeability action in controversy was a legal action, the debtor had no right to invoke a right to jury trial because he voluntarily submitted himself to the bankruptcy court's jurisdiction. *Id.* at 1505, citing *Granfinanciera*, 492 U.S. at 59 n. 14, 109 S.Ct. at 2799 n. 14.

Additionally, the Seventh Circuit determined in *Hallahan* that the debtor was not entitled to a jury trial based upon statutory provisions, including 28 U.S.C. § 1411(a) which is relevant herein. *Id.* at 1506. The subsection states:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death tort claim.

As the debtor's claim was not a personal injury or wrongful death tort claim, the court found that the subsection did not grant the debtor a right to a jury trial in his dischargeability action. *Id.* at 1506.

The question before this court admittedly is a more difficult question. Given the Seventh Circuit's ruling, it is clear that the plaintiffs herein have no Seventh Amendment right to a jury trial in their dischargeability action. The more arduous issue, however, is whether they have a right to a jury trial based on the provisions of 28 U.S.C. § 1411(a) as their complaint to determine dischargeability involves a personal

---

1. The court construes the plaintiffs' COMPLAINT FOR NON–DISCHARGEABILITY OF DEBT as a request for relief under 11 U.S.C. § 523 rather than § 727.

2. The Supreme Court determined in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct.

2782, 106 L.Ed.2d 26 (1989), that a creditor who had not filed a claim in the debtor's bankruptcy case was entitled to a jury trial in an action to recover a fraudulent transfer because such matters traditionally have been characterized as legal in nature.

injury claim. The court's decision in *Hallahan* does not answer this question. This court, however, concludes that the statute does not provide a right to a jury trial on the issue of the dischargeability of a debtor's obligation.

Clearly, the plaintiffs would have a right to a jury trial under state law on the liquidation of their claim against the debtor.[3] In this forum at this time, though, the plaintiffs seek to resolve only the limited issue of whether their claim is dischargeable in the debtor's bankruptcy. This issue "is separate and distinct" from the plaintiffs' claim for liquidation and allowance against the bankruptcy estate. *Nickens v. Perry (In re Perry)*, 111 B.R. 861, 863 (Bankr.C.D.Cal.1990). Inasmuch as the relief which the plaintiffs seek arises solely under bankruptcy law and no applicable non-bankruptcy law governs or grants a right to a jury trial in the action, the court determines that 28 U.S.C. § 1411(a) does not provide the plaintiffs a right to a jury trial on their dischargeabilty complaint. *Id.* at 864. Their demand for a jury trial thus must be denied.

### Conclusion

The court now denies the plaintiffs' demand for a jury trial, finding that they are not entitled to a jury trial under the Seventh Amendment or relevant statutes on their COMPLAINT FOR NON–DISCHARGEABILITY OF DEBT.

The trial on plaintiffs' COMPLAINT FOR NON–DISCHARGEABILITY OF DEBT is now set for *November 5, 1991, at 2:30 p.m.* to be held in the U.S. Post Office and Courthouse, 30 N. 7th St., Terre Haute, Indiana. The court accordingly determines that the last day for discovery in this matter shall be *October 18, 1991.* The parties are to exchange their exhibit and witness lists and file copies of the same with the court, no later than five days prior to trial. Absent a showing of good cause, parties will be bound at trial to the exhibit and witness lists previously exchanged.

Counsel are directed to arrive at least fifteen minutes before the scheduled trial time to mark all exhibits with the courtroom Deputy Clerk. Absent a showing of good cause, counsel will be limited to one redirect examination and one recross examination of each witness. Pursuant to Federal Rule of Evidence 611(b), cross-examination shall be limited to the subject matter of direct examination and matters affecting witness credibility. Likewise, redirect shall be limited to matters covered on. cross-examination.

SO ORDERED.

---

**3.** Indeed, this court has no jurisdiction to liquidate the plaintiffs' claims. 28 U.S.C. § 157(b)(2)(B) and (b)(5).