7 F.3d 225
 29 Collier Bankr.Cas.2d 982
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Bruce Joseph OUDES, Debtor. Bruce Joseph Oudes,
Plaintiff-Appellant,
v.
Potomac Valley Bank, Defendant-Appellee.
 No. 92-1977.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 10, 1993.
Decided: September 28, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-92-83-E, BK-91-20413)
 Kathryn M. Schuppener, Elkins, West Virginia, for Appellant.
 James Paul Geary, Geary & Geary, Petersburg, West Virginia, for Appellee.
 N.D.W.Va.
 DISMISSED.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Bruce Joseph Oudes filed a Petition under Chapter 7 of the Bankruptcy Code in April 1991. He later converted from Chapter 7 to Chapter 13 and filed the required Chapter 13 Plan in October 1991. The bankruptcy court ultimately dismissed Oudes's Petition in May 1992 because Oudes was unable to submit a realistic Plan. Oudes appealed the bankruptcy court's dismissal of his bankruptcy petition to the district court and also filed a motion for a stay pending appeal. He sought to stay the sale of a piece of real estate on which he planned to develop a spring water business.
 
 
 2
 The district court, by order entered June 30, 1992, denied Oudes's motion for stay because it found that he had not shown a sufficient likelihood of success on the merits of his appeal to warrant injunctive relief. On July 14, 1992, Oudes moved the district court to reconsider its denial of the stay. The district court denied the motion on August 7, 1992, and the property was sold later that day to Appellee Potomac Valley Bank, a secured creditor, at a foreclosure sale. From the district court's order refusing this motion, Oudes appeals.
 
 
 3
 The sale of Oudes's property clearly renders this appeal moot. Willemain v. Kivitz, 764 F.2d 1019, 1021 (4th Cir. 1985) (holding that sale of property to secured creditor while appeal was pending rendered appeal moot). Oudes maintains that the sale does not render the appeal moot because Potomac Valley does not qualify as a "good faith purchaser" under 11 U.S.C. § 363(m) (1988). Although not defined in the Bankruptcy Code or Rules, a good faith purchaser is "one who buys 'in good faith' and 'for value.' " In re Ewell, 958 F.2d 276, 281 (9th Cir. 1992) (quoting In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3rd Cir. 1986). Lack of good faith is typically shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." Willemain, 764 F.2d at 1023 (quoting In re Rock Indus. Machinery Corp., 572 F.2d 1195, 1198 (7th Cir. 1978)).
 
 
 4
 Oudes concedes that Potomac Valley purchased for value because the price it paid was in excess of the appraisal stipulated to by the parties. Oudes claims, however, that Potomac Valley and the trustee engaged in "collusion, conspiracy and fraud" because a director of Potomac Valley, Lawrence Streets, had a deeded first option to purchase the property. According to Oudes, several investors who would have come to his rescue believed that they could not purchase the property because of Streets's option. Although Streets waived his option by deed in 1979, Oudes claimed to have learned of this fact only the day before the sale because Potomac Valley had never recorded the deed. However, this waiver was in the bank's file for over ten years and could easily have been discovered if Oudes or any of his investors had made an effort. We find no evidence in the record to support Oudes's contention that Potomac Valley was not a good faith purchaser.* Therefore, we dismiss this appeal as moot.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *In any event, we find that the district court did not abuse its discretion in refusing to reconsider its denial of Oudes's motion for a stay pending appeal. See Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983); United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). Oudes failed to establish a sufficient likelihood of success on the merits of his underlying appeal-the bankruptcy court's dismissal of his Chapter 13 petition-to warrant a stay pending appeal. See Alexandria v. Helms, 719 F.2d 699, 700 (4th Cir. 1983).