In re Mark S. FINEBERG,
Debtor/Appellee.

REPUBLIC BANK, Plaintiff/Appellant,

v.

Mark S. FINEBERG, Defendant/Appellee.

Bankruptcy No. 92–11857.
Civ. A. No. 93–3943.

United States District Court,
E.D. Pennsylvania.

July 13, 1994.

Howard N. Sobel, Philadelphia, PA, for Mark S. Fineberg.

Richard S. Hannye, Hecker, Brown, Sherry & Johnson, Philadelphia, PA, for Republic Bank.

Arthur P. Liebersohn, Chapter 7 Trustee, Philadelphia, PA.

Frederic Baker, Philadelphia, PA, Asst. U.S. Trustee.

### MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is plaintiff/appellant Republic Bank's ("Republic Bank") appeal from the bankruptcy court's December 16, 1992 Memorandum Order entering judgment in favor of defendant/appellee Mark S. Fineberg ("Fineberg") and against Republic Bank, and declaring that Fineberg's debt was dischargeable. For the reasons set forth below, the decision of the bankruptcy court will be affirmed and Republic Bank's appeal will be dismissed.

### I. BACKGROUND

In June of 1989, Republic Bank extended a $75,000.00 loan to Fineberg after reviewing a commercial loan application and certain financial statements submitted to it by Fineberg.[1] Fineberg's line of credit was extend-

---

1. Fineberg submitted the following documents to Republic Bank when he applied for his initial line of credit: (1) his U.S. Individual Income Tax Returns for 1986, 1987 and 1988; (2) Fineberg & Associates, P.C.'s U.S. Income Tax Returns for an "S" Corporation for 1986, 1987 and 1988; (3)

ed in 1991 after he submitted additional financial statements to the bank.[2] Fineberg ultimately defaulted on the loan and, on March 13, 1992, Republic Bank obtained a judgment by confession against him in the amount of $88,493.81. Two weeks later, on March 30, 1992, Fineberg filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania seeking, among other things, to have his debt to Republic Bank discharged.

On August 13, 1992, Republic Bank instituted an adversary proceeding against Fineberg in the bankruptcy court in which it sought to have Fineberg's $88,493.81 debt to it declared non-dischargeable under 11 U.S.C. § 523(a)(2)(B).[3] Republic Bank claimed that Fineberg made material misstatements about his financial situation to the bank when he applied for his initial line of credit and its extension, and that the bank relied on these allegedly false statements when it decided to extend and renew Fineberg's line of credit. According to Republic Bank, Fineberg indicated on his loan applications that he had income of $155,600.00 in 1987 and $175,000.00 in 1990, and he certified that this information was accurate. However, on April 5, 1989, Fineberg submitted to the Montgomery County Domestic Relations Office, in connection with a child support hearing, certain unsigned personal and corporate tax returns for 1987 showing $36,000.00 in income. Fineberg also indicated in his Bankruptcy Petition that his 1990 income was $30,000.00.

During the course of the adversary proceeding, Republic Bank requested that Fineberg produce his corporate and personal tax returns for 1986 through 1992. When Fineberg failed to comply with Republic Bank's request, the bank sought to compel the production of these documents through a court order. The bankruptcy court issued two orders directing Fineberg to comply with the bank's discovery requests, but Fineberg ignored both orders. In addition, when Republic Bank sought to question Fineberg under oath about his tax returns, Fineberg refused to answer the bank's questions, invoking his Fifth Amendment right against self-incrimination. A non-jury trial was held on December 15, 1992. Fineberg did not appear or testify at this trial.

On December 16, 1992, the bankruptcy court issued a Memorandum Order ("Mem. Order") entering judgment in favor of Fineberg and against Republic Bank, and declaring that Fineberg's debt was dischargeable. (Plaintiff/Appellant's App. Ex. 39.) In so ruling, the bankruptcy court found that Republic Bank failed to establish by a preponderance of the evidence the four elements of 11 U.S.C. § 523(a)(2)(B). (Mem. Order at 1–2.) Specifically, the bankruptcy court found that Republic Bank failed to establish the threshold element of 11 U.S.C. § 523(a)(2)(B)(i) that the financial statements submitted by the debtor were "materially false." (Mem. Order at 2.) While the court found that Republic Bank proved that Fineberg submitted unsigned 1986 tax returns to the Montgomery County Domestic Relations Office which stated income figures far below

a Personal Financial Statement dated April 30, 1989; and (4) a Commercial Loan Application to Republic Bank dated June 13, 1989. (Plaintiff/Appellant's App. Exs. 1, 2 and 5–12.) All of the tax documents were unsigned.

2. Fineberg submitted the following documents, among others, to Republic Bank when he applied for the extension of his line of credit: (1) his U.S. Individual Income Tax Returns for 1990; (2) Fineberg & Associates, P.C.'s U.S. Income Tax Returns for an "S" Corporation for 1990; and (3) a Personal Financial Statement dated December 31, 1989. (Plaintiff/Appellant's App. Exs. 11, 17 and 18.)

3. Title 11 U.S.C. § 523(a)(2)(B) states, in pertinent part:

§ 523. Exceptions to discharge
(a) A discharge under section 727 ... of [the Bankruptcy Code] does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(B) use of a statement in writing—
 (i) that is materially false;
 (ii) respecting the debtor's or an insider's financial condition;
 (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
 (iv) that the debtor caused to be made or published with the intent to deceive[.]
11 U.S.C. § 523(a)(2)(B).

those stated on his 1987 credit application, and that Fineberg's Bankruptcy Petition recited a far lower income figure for 1990 than the 1990 tax returns which Fineberg gave to the bank when renewing his line of credit, the court found that the bank failed to establish by a preponderance of the evidence which income figures were incorrect. (Mem. Order at 2.) The court also found that Republic Bank failed to identify specific inaccurate statements in Fineberg's submissions to the bank. (Mem. Order at 2.) The court concluded that Republic Bank's failure to establish any specific and material misstatements made to it meant that it failed to prove that Fineberg intended to deceive it by publishing false statements. (Mem. Order at 2.)

Additionally, the bankruptcy court found that Republic Bank presented a weak case on its alleged reliance upon Fineberg's submissions, since the bank failed to verify the accuracy of the Fineberg's unsigned tax returns and other documents which were submitted in support of his credit applications. (Mem. Order at 3.) Thus, the court concluded that Republic Bank's failure to prove the two most fundamental elements of a case under 11 U.S.C. § 523(a)(2)(B) required it to "somewhat regretfully" enter judgment in favor of Fineberg. (Mem. Order at 4.)

Republic Bank has appealed the decision of the bankruptcy court on four grounds: (1) the bankruptcy court erred by instructing the Clerk of the Bankruptcy Court not to comply with Fed.R.Bankr.P. 7055 and Fed.R.Civ.P. 55(a), thus depriving Republic Bank of the default to which it was entitled; (2) the bankruptcy court erred by *sua sponte* striking Republic Bank's jury demand, thus depriving Republic Bank of its Seventh Amendment right to a jury trial; (3) the bankruptcy court erred in declaring Fineberg's debt dischargeable when Fineberg failed to appear at trial, invoked the Fifth Amendment and refused to testify about his tax returns and financial statements at the initial meeting of creditors, and refused to produce his tax returns despite two court orders to do so; and (4) the bankruptcy court erred in finding as a matter of fact that Fineberg did not submit materially false statements about his financial condition to Republic Bank. The court will address each of these arguments in turn.

## II. *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 158, the United States District Court for the Eastern District of Pennsylvania has jurisdiction to hear appeals from final judgments, orders and decrees entered by the United States Bankruptcy Court for the Eastern District of Pennsylvania. In an appeal from a bankruptcy court decision, the district court sits as an appellate court and has plenary review of conclusions of law, but may not set aside a bankruptcy judge's findings of fact unless they are clearly erroneous. *Century Glove, Inc. v. First American Bank of New York,* 860 F.2d 94, 100 (3d Cir.1988).

## III. *DISCUSSION*

### A. *Entry of Default Judgment*

■ Republic Bank maintains that the bankruptcy court erred by instructing the Clerk of the Bankruptcy Court not to comply with Fed.R.Bankr.P. 7055 and Fed.R.Civ.P. 55(a), thus depriving it of the default judgment to which it was allegedly entitled. After examining the record, the court finds that there is no basis for Republic Bank's claim.

■ Rule 55(a) of the Federal Rules of Civil Procedure provides:

> (a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed.R.Civ.P. 55(a).[4] Bankruptcy judges, however, have wide discretion in allowing an entry of default, and ·a judge's refusal to enter a default will be upheld unless there was an abuse of discretion. *See In re Littenstein,* 35 B.R. 123 (Bankr. 9th Cir.1983).

In this case, Republic Bank's complaint was served upon Fineberg personally on September 8, 1992. Republic Bank moved for

---

4. Rule 7055 of the Federal Rules of Bankruptcy Procedure simply states: "Rule 55 F.R.Civ.P. applies in adversary proceedings." Fed. R.Bankr.P. 7055.

entry of default on October 9, 1992, just thirty-one days after service. Five days later, on October 14, 1992, Fineberg's answer was filed and served upon Republic Bank's counsel by hand delivery. At trial, Republic Bank raised the issue of a default being entered on October 9, 1992, but the bankruptcy court indicated that there was no entry of default reflected on the docket. The following exchange occurred between Republic Bank's counsel and the bankruptcy court:

> MR. HANNYE: . . . I would like to say. that there was a default entered in this case on October 9, 1982 [sic], by Republic Bank. It has never been opened by [Fineberg's counsel]. No motion has been filed to open it. The answer was filed after that date.
>
> THE COURT: Let me take a look at that. Usually, I insist that defaults be entered by me, not by the clerk.
>
> MR. HANNYE: This is not a default for an amount of money. It was simply a default.
>
> THE COURT: I don't let them enter any defaults. There are too many mistakes made. So are you sure you didn't just request it and maybe it didn't get entered?
>
> MR. HANNYE: Well, I have a time-stamped copy in my file.
>
> THE COURT: It's not on the docket that I can see. There is a precipe [sic] for a default filed and an affidavit, and then an answer is the next entry. There is no entry of an order.
>
> MR. HANNYE: That's fine then.

(Tr. 12/15/92 at 10.)

■ Under the circumstances, the court can find no conduct on the part of the bankruptcy court which would constitute reversible error. It does not appear that the bankruptcy court's policy of reviewing motions for default before allowing the clerk to enter an order constitutes an abuse of discretion, es-pecially where this policy was implemented to prevent mistakes. Accordingly, the court finds that Republic Bank's appeal on this ground is without merit.

## B. *Right to a Jury Trial*

■ Republic Bank maintains that the bankruptcy court erred by *sua sponte* striking its demand for a jury trial, thereby depriving Republic Bank of its Seventh Amendment right to a trial by jury. The court, however, finds that Republic Bank's argument is without merit.

Whether or not the right to a trial by jury extends to a bankruptcy court proceeding is a matter of great debate, and a resolution of this question requires some inquiry into the purpose of the particular bankruptcy proceeding at issue.[5] *See, e.g., Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242 (3d Cir.1994).[6] The Seventh Amendment provides "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The "Suits at common law" are cases which involve legal rights; no jury right attaches to equitable claims. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989). Generally, a dischargeability claim is "a type of equitable claim for which a party cannot obtain a jury trial." *See In re Hallahan,* 936 F.2d 1496, 1505 (7th Cir.1991). *Accord Billing,* 22 F.3d at 1250–53. A dischargeability claim is "integral to the restructuring of the debtor-creditor relations," and thus uniquely within the equity jurisdiction of the bankruptcy court. *See Granfinanciera,* 492 U.S. at 58, 109 S.Ct. at 2799; *Langenkamp v. Culp,* 498 U.S. 42, 43–44, 111 S.Ct. 330, 330–31, 112 L.Ed.2d 343 (1990).

---

5. The Supreme Court has never directly addressed the issue of whether the right to a jury trial applies in bankruptcy proceedings; however, a split in the circuits is now developing, with five circuits holding that the right does not apply and the Third Circuit holding that the right may apply depending on the facts of the case. Under the circumstances, the issue may soon come before the Court.

6. In *Billing,* the Third Circuit had the opportunity to decide whether bankruptcy courts, in general, may conduct jury trials in core proceedings, but it did not do so. Instead, the Third Circuit found that, under the particular facts of the case before it, a jury trial was not warranted. *Billing,* 22 F.3d at 1253.

In this case, Republic Bank has failed to demonstrate that the bankruptcy court erred in striking its jury demand. Republic Bank filed its adversary proceeding *solely* for the purpose of having Fineberg's debt declared non-dischargeable under 11 U.S.C. § 523(a)(2)(B). Republic Bank's action was a core proceeding under the bankruptcy code and, therefore, uniquely within the equity jurisdiction of the bankruptcy court. *See* 28 U.S.C. § 157(b)(2)(I). Consequently, Republic Bank's appeal on this ground will be denied.

## C. *Invocation of the Fifth Amendment*

■ Republic Bank maintains that the bankruptcy court erred in declaring Fineberg's debt dischargeable when Fineberg: (1) failed to appear at trial; (2) invoked the Fifth Amendment and refused to testify about his tax returns and financial statements at the initial meeting of creditors and during examinations; and (3) refused to produce his tax returns despite two court orders to do so. Republic Bank further maintains that the bankruptcy court should have drawn an adverse inference in its favor from Fineberg's conduct.

As a threshold matter, Republic Bank had the means available to it, in the form of a motion for sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure, to have the bankruptcy court enter an order taking certain designated facts to be established for the purpose of proving Republic Bank's claim. Rule 37(b)(2) states, in pertinent part:

(2) **Sanctions by Court in Which Action is Pending.** If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence[.]

Fed.R.Civ.P. 37(b)(2).

Fineberg was ordered by the bankruptcy court to produce documents relevant to Republic Bank's claim on at least two occasions, August 7, 1992 and December 10, 1992, but Fineberg did not comply with these orders.[7] The bankruptcy court's second order was issued less than one week before trial; however, the record indicates that Republic Bank never made a motion to have the court hold Fineberg in contempt or to deem as admitted certain facts in support of its claim. Instead, Republic Bank sought to have the bankruptcy court draw an adverse inference from Fineberg's conduct. (Tr. 12/15/92 at 15, 45–46 and 80–88.) While the court indicated that an inference could be drawn that Fineberg submitted false statements to *someone*, because Republic Bank failed to produce sufficient independent evidence to suggest that Fineberg submitted false statements to the bank, the court was unwilling to leap to this conclusion. (Tr. 12/15/92 at 81–88.)

■ After carefully reviewing the transcript of the bankruptcy court proceedings,

---

7. On August 7, 1992, the bankruptcy court entered an order compelling Fineberg to appear for a Rule 2004 examination and to produce certain documents, including his 1990 individual tax return. (Plaintiff/Appellant App. Ex. 37.) Fineberg appeared at the examination, without the documents, and invoked the Fifth Amendment.

On September 8, 1992, Republic Bank served upon Fineberg its first request for production of documents, which included a request for "[a]ll United States individual income tax returns for Mark S. Fineberg for the years from 1986 through present" and "[a]ll financial statements, affidavits or certifications of Mark S. Fineberg's income, assets or liabilities during the years from 1986 through present." (Plaintiff/Appellant App. Ex. 34.) Fineberg never responded to this request.

On December 8, 1992, Republic Bank filed a motion to compel Fineberg to produce the documents requested in Republic Bank's first request for production of documents. This motion was granted by the bankruptcy court by order dated December 10, 1992. Once again, Fineberg failed to produce the requested documents.

282

as well as the exhibits submitted in support of Republic Bank's appeal, the court concludes that the bankruptcy court's refusal to draw an adverse inference to the extent that Republic Bank suggests it should have was not in error. Fineberg's refusal to comply with discovery requests and failure to show up for trial does not, *ipso facto,* mean that Fineberg submitted materially false statements to Republic Bank. There are many reasons why a debtor would not want to admit under oath that he submitted false tax returns to either a government agency, a court of law, or a lending institution, including, among other things, the threat of prosecution for fraud. As the bankruptcy court and this court have pointed out, there are means that Republic Bank could have used to prove its case, including a motion for sanctions under Rule 37(b)(2), but Republic Bank failed to avail itself of these means. Consequently, it is too late for Republic Bank to excuse its failure by trying to overturn the bankruptcy court's refusal to draw an adverse inference because of a lack of evidence.

### D. *The Bankruptcy Court's Ruling*

■ To establish its claim under 11 U.S.C. § 523(a)(2)(B), Republic Bank was required to prove by a preponderance of the evidence that Fineberg submitted materially false information to it, in writing, with the intent to deceive the bank into lending him money, and that the bank reasonably relied on this information. *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Cohen,* 1992 WL 77758 slip op. at *2 (Bankr.E.D.Pa., April 9, 1992). After a non-jury trial at which Republic Bank produced only two witnesses in support of its claim, the bankruptcy court found that Republic Bank failed to meet its burden of proof.[8]

■ After carefully reviewing the record on appeal, including the transcript of the December 15, 1992 proceeding, the court finds that the bankruptcy court's ruling was not in error. At best, Republic Bank only succeeded in proving that Fineberg submit-

ted inconsistent and potentially false information to either the bank, the Montgomery County Domestic Relations Office, or the bankruptcy court. However, Republic Bank never succeeded in proving that it in fact received materially false information from Fineberg, and that Fineberg intended to deceive it by submitting such false information. No doubt Republic Bank faced difficulty in meeting its burden of proof, but that circumstance is not a basis excusing its failure to satisfy this burden as determined by the bankruptcy court.

### IV. *CONCLUSION*

For the reasons set forth above, the decision of the bankruptcy court is affirmed and Republic Bank's appeal is dismissed.

An appropriate Order will be entered.

### *ORDER*

AND NOW, TO WIT, this 13th day of July, 1994, upon consideration of plaintiff/appellant Republic Bank's ("Republic Bank") appeal from the United States Bankruptcy Court for the Eastern District of Pennsylvania's December 16, 1992 Memorandum Order entering judgment in favor of defendant/appellee Mark S. Fineberg ("Fineberg") and against Republic Bank, and declaring Fineberg's debt to Republic Bank dischargeable under the Bankruptcy Code, and Fineberg's response thereto, IT IS ORDERED that the decision of the bankruptcy court is *affirmed* and Republic Bank's appeal is *dismissed.*

---

8. Despite Fineberg's persistent lack of cooperation during the adversary proceeding, Republic Bank optimistically hoped that Fineberg would appear at trial and testify, even though the bank was unable to serve him with process. When Fineberg failed to appear, Republic Bank was unprepared to fill the gaps in its case with independent evidence.