In re James I. WARD, Jr., Debtor.

Estate of Madeleine SAMSON, By and Through its Personal Representative, the Reverend Joseph MURPHY, for the benefit of the Estate's residuary beneficiaries, The Extension Society; St. Jude's Hospital for Children; Little Sisters of the Poor; Xavier Association for the Blind; Graymore Friars; Sacred Heart Missions; Association of the Blind at Charleston, South Carolina; American Cancer Society; Charles Webb Center; Guest House at Garrison, New York; and the Disabled American Veterans, Plaintiffs,

v.

James I. WARD, Jr., Defendant.

Bankruptcy No. 94–74034.

Adv. No. 94–8253.

United States Bankruptcy Court, D. South Carolina.

April 28, 1995.

Stephen F. DeAntonio, Charleston, SC, for Estate of Madeleine Samson, et al.

Thomas R. Goldstein, Charleston, SC, for James I. Ward, Jr.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon a Motion for Stay pending appeal filed by the Defendant pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure. This Court previously denied the Defendant's motion for a jury trial in connection with the within adversary proceeding which seeks a determination that the debt to the Plaintiffs is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). The Defendant seeks a stay of this proceeding based upon his appeal of that Order denying his request for jury trial [1]. Based upon the presentations of counsel for the Plaintiffs and counsel for the Defendant, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Plaintiffs filed a Complaint against the Defendant (and other Defendants) in the Court of Common Pleas for the State of South Carolina ("State Court") on September 9, 1992 alleging conversion, embezzlement, breach of fiduciary duty, misrepresentation/fraud and constructive trust arising out of fraud. Each cause of action sought a recovery of $252,500 as actual damages plus an award of punitive damages.

2. After one day of trial and after the presentation of several witnesses for the Plaintiffs, the trial was suspended when the Defendant (and others) agreed for

---

1. It should be noted that 28 U.S.C. § 157 was amended effective October 22, 1994 to provide that if the right to a jury trial applies, the bankruptcy court may now conduct the jury trial if the bankruptcy judge is specially designated by the District Court and all parties to the proceeding have expressly consented. This amendment applies to bankruptcy cases filed on or after October 22, 1994, which the within case was not. In pre-amendment cases, a jury trial if applicable would be conducted by the United States District Court. Under either circumstance, an initial determination as to whether or not the right to a jury trial applies is to be made by this Court.

judgment to be rendered against him in the sum of $202,500.[2]

3. A judgment was subsequently issued by the Honorable William Howard by way of a Statement of Judgment by Court dated, filed and entered on March 15, 1994. The Statement of Judgment did not include any findings of fact or conclusions by that Court and did specify the cause or causes of actions on which judgment was rendered.[3]

4. The parties stipulate that a separate agreement was reached in which it was agreed that if the Defendant paid 70% of the judgment amount within a certain time frame and under certain conditions, the judgment would be expunged or voided in toto. A similar agreement was reached with the other Defendants as well.

5. It is further stipulated that the Defendant failed to pay under the agreed terms and that the aforesaid judgment was unchanged or satisfied and therefore remains final and unpaid.

6. There was no appeal of the judgment.

7. Upon the Plaintiffs' undertaking of supplemental proceedings to execute upon said judgment, the Defendant filed a voluntary Chapter 7 bankruptcy petition on August 24, 1994.

8. On November 10, 1994, the within adversary proceeding was filed seeking a determination that the debt to the Plaintiffs is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and Rule 4007 of the Federal Rules of Bankruptcy Procedure, based upon the Defendant's fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

9. In response, the Defendant demanded a jury trial. A hearing was held on that demand and it was denied by Order of this Court dated February 28, 1995.

10. The Defendant filed a Notice of Appeal of this Court's Order of February 28, 1995 to the United States District Court for the District of South Carolina and filed a Motion for Stay with this Court on March 20, 1995.

## CONCLUSIONS OF LAW

■ Stays pending appeal are governed by Rules 7062[4] and 8005 of the Federal Rules of Bankruptcy Procedure. Rule 8005 states in part that "[n]otwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate orders during the pendency of an appeal on such terms as will protect the rights of all parties in interest." F.R.B.P. 8005.

■ The granting of a motion for stay pending appeal is discretionary with the court; however, in this District, the movant must satisfy a four prong test developed by the Fourth Circuit Court of Appeals. Pursuant to this test, the party seeking the stay pending the appeal must show that:

(1) it will likely prevail on the merits of the appeal, (2) it will suffer irreparable injury if the stay is denied, (3) other parties will not be substantially harmed by the stay, and (4) the public interest will be served by granting the stay. *Long v. Robinson*, 432 F.2d 977 (4th Cir.1970); *accord City of Alexandria v. Helms*, 719 F.2d 699 (4th Cir.1983); *see also In re Asheville Building Associates v. Carlyle Real Estate Limited Partnership, VIII*, 93 B.R. 920 (Bankr.W.D.N.C.1988).

*In re Oaks II Limited Partnership*, No. 90–00907, slip op. (Bankr.D.S.C. 7/25/90) and *In re The Palace Homeowners Association, Inc.*, No. 91–03960, slip op. (Bankr.D.S.C. 9/10/91).

The Defendant must first satisfy to the Court, the likelihood that he will prevail on the merits of the appeal. In the appeal of

---

2. The other Defendants agreed to judgments in lesser amounts and several of those judgments were subsequently paid or settled.

3. A copy of the transcript of the State Court proceedings was not offered into evidence.

4. Rule 7062, which incorporates Rule 62 of the Federal Rules of Civil Procedure, lists several specific matters in which the court may issue a stay pending appeal but does not specify demands for jury trials.

the denial of demand for a jury trial, the Defendant asserts that the aforementioned State Court judgment is not an adjudication or determination of fraud and therefore he is entitled to a jury trial on such legal issues in the non-dischargeability proceeding [5].

In considering the likelihood of prevailing on appeal, the essential question remains whether this action to determine dischargeability is equitable in nature or an action at law and therefore legal in nature for which a debtor is entitled to a jury. The landmark decision on the issue of jury trials is the 1989 Supreme Court *Granfinanciera* opinion. *In re Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). In citing the 1830 *Parsons v. Bedford* opinion, the Supreme Court held that:

> The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." We have consistently interpreted the phrase "Suits at common law" to refer to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Parsons v. Bedford,* 3 Pet. 433, 447, 7 L.Ed. 732 (1830). *Supra,* at 39–40, 41, 109 S.Ct. at 2789, 2790.

■ Historically discharge and dischargeability have been determined to involve issues with an equitable nature. *In re Hooper,* 112 B.R. 1009 (9th Cir. BAP 1990). "A bankruptcy discharge and questions concerning the dischargeability of certain debts, involve issues with an equitable history and for which there was no entitlement to a jury trial in the courts of England prior to the merger of law and equity." *In re Hooper,* 112 B.R. 1009 (9th Cir. BAP 1990); see also *In re Hallahan,* 936 F.2d 1496, 1505 (7th Cir.1991); *In re Frederick,* 133 B.R. 1008 (Bkrtcy. S.D.Ind.1991), *In re Choi,* 135 B.R. 649 (Bkrtcy.N.D.Cal.1991) and *In re Barral,* 139 B.R. 789 (Bkrtcy.S.D.N.Y.1992).

A dischargeability claim is "integral to the restructuring of the debtor-creditor rela-

tions", and thus uniquely within the equity jurisdiction of the bankruptcy court. See *Granfinanciera,* 492 U.S. at 58, 109 S.Ct. at 2799; *Langenkamp v. Culp,* 498 U.S. 42, 43–44, 111 S.Ct. 330, 330–31, 112 L.Ed.2d 343 (1990).

*In re Fineberg,* 170 B.R. 276 (E.D.Pa.1994). Applying the *Granfinanciera* test, a proceeding which addresses solely the issue of dischargeability as opposed to questions of liability or amount, would be equitable and therefore there would be no right to a jury trial. In the within proceeding, liability in the amount of $202,500 plus judgment interest was admitted by virtue of the stipulated judgment in State Court.

Additionally, the Supreme Court in *Granfinanciera* found that a party who was being sued by a trustee for a fraudulent transfer was entitled to a jury trial when that person had not filed a proof of claim against the estate or in any other way submitted to the jurisdiction of the bankruptcy court.

In the within proceeding, the party requesting the jury trial is the Debtor who has submitted himself to the bankruptcy court's jurisdiction by the filing of a petition voluntarily seeking the protection of the bankruptcy court and the bankruptcy code.

■ Based upon a complaint pending in State Court (a forum and action in which the Defendant was entitled to a jury trial) for nearly fifteen months and after presentation of a significant portion of the Plaintiffs' case, this Defendant confessed liability and damages. He then failed to satisfy the judgment and voluntarily filed a chapter 7 bankruptcy in order to discharge the indebtedness. It would seem patently unfair to now allow the Defendant a right to re-litigate the issues before a jury. In such an event, "[d]ebtors would be able to block their creditors' access to a jury trial [by filing bankruptcy] without compromising their own ability to demand a jury in their preferred forum." *Hallahan,* p. 1506. "A defendant or potential defendant to an action at law cannot initiate bankruptcy proceedings, thus forcing creditors to come

---

5. At the hearing on the Motion for Stay, counsel for the Defendant did not present any authorities which would substantiate the Defendant's right to jury trial or right for stay on appeal of that issue.

 

to bankruptcy court to collect their claims, and simultaneously complain that the bankruptcy forum denies him or her a jury trial." *In re McLaren,* 3 F.3d 958, 960 (6th Cir. 1993). Following the position set forth in *Hallahan* and *McLaren,* under the circumstances present in this case, it would be fair to hold that the Defendant has waived his right to jury trial in this action even if one exists. See *In re Auto Imports, Inc.,* 162 B.R. 70 (Bkrtcy.D.N.H.1993).

Therefore, having again reviewed the decisions cited above, this Court confirms that the Complaint in this adversary proceeding sets forth an action to determine dischargeability of a debt under § 523(a)(4) in which issues of liability and damages have been previously set by the stipulated judgment in State Court. Such an action is equitable rather than legal in nature. In addition, any right to assert a jury trial was waived by the circumstances under which the Defendant admitted liability and damages under the State Court Complaint and then voluntarily filed bankruptcy. This Court is now even more convinced that the Defendant is not entitled to a jury trial in this adversary proceeding. Therefore, it appears that the Defendant is not likely to prevail in the appeal of this jury trial issue and therefore would fail to meet even the first requirement to obtain a stay.[6]

### CONCLUSION

Based upon the foregoing, it is the finding of this Court that the Defendant has failed in his burden of proof on the likelihood that he will prevail on the merits of the appeal. Additionally, it is the finding of this Court that the debtor has failed to present sufficient evidence to indicate whether he would be subject to irreparable injury if the stay is not granted, whether the granting of the motion for the stay would cause substantial harm to the other parties and whether the granting of the motion would be contrary to the public interest. For the reasons stated within, it is therefore

**6.** In considering the other elements required by the Fourth Circuit, without evidence to the contrary, it appears to this Court that the Plaintiffs

**ORDERED,** that the Motion for Stay pending appeal of the right to jury trial is denied.

**AND IT IS SO ORDERED.**

would continue to suffer harm through delay and costs if a stay is entered and that no public interest would be served in granting such a stay.