**In re Calvin R. BROWN, Debtor.**

**Lorraine WAKER, Plaintiff,**

**v.**

**Calvin R. BROWN, Defendant.**

**Bankruptcy No. 89–5–0469–JS.
Adv. No. A89–0137–JS.**

United States Bankruptcy Court,
D. Maryland.

Aug. 21, 1989.

Harry W. Shapiro, Towson, Md., for debtor/defendant.

Joseph A. Imbesi, Baltimore, Md., for plaintiff.

## MEMORANDUM OPINION DENYING DEBTOR'S PRAYER FOR JURY TRIAL

JAMES F. SCHNEIDER, Bankruptcy Judge.

On April 18, 1989, Lorraine Waker, a creditor, filed the instant complaint to determine dischargeability of debt. Calvin R. Brown, the debtor, filed an answer [P. 4] in which he prayed a trial by jury.

In the case of *In re Lee*, 50 B.R. 683 (Bankr.D.Md 1985) this Court held that a debtor in a chapter 7 case was not entitled to a jury trial on the creditor's complaint to determine dischargeability of debt, holding that the complaint was a core proceeding under 28 U.S.C. § 157(b)(2)(I) to which the right to a jury trial does not attach. *Id.* at 684.

The recent decision of the Supreme Court in *Granfinanciera v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) does not alter the result in this case. *Granfinanciera* held that one who had not asserted a claim in a bankruptcy estate was entitled to a jury trial on a suit to recover a fraudulent conveyance brought by the bankruptcy trustee because the nature of the relief sought was legal rather than equitable (the recovery of a certain sum of money).

By contrast, the instant cause of action involving the administration of a bankruptcy estate by the bankruptcy court in the exercise of its traditional equity jurisdiction in the adjustment of the debtor-creditor relationship is equitable in nature. In the case of a complaint to determine dischargeability, a debtor has never been entitled to a trial by jury. Therefore, the debtor in the instant case is not entitled to a trial by jury and his prayer for jury trial must be DENIED.

ORDER ACCORDINGLY.