In re Julie Wynne **JOHNSON,** Debtor.

**BOATMEN'S BANK OF COLUMBIA,** Plaintiff,

v.

Julie Wynne **JOHNSON,** Defendant.

**Bankruptcy No. 89–20636–C.**
**Adv. No. 90–2003–C.**

United States Bankruptcy Court,
W.D. Missouri,
Central Division.

Feb. 8, 1990.

Norman W. Lampton, Columbia, Mo., for defendant.

Jerry W. Venters, Jefferson City, Mo., for plaintiff.

Jack E. Brown, Columbia, Mo., Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Julie Wynne Johnson and Christopher Merrill Johnson obtained a loan for $25,500.00 from the Boatmen's Bank of Columbia some time between December 1, 1987 and August 1, 1988. Said Bank now claims that said loan should not be dischargeable in the bankruptcy proceeding by Julie Wynne Johnson. That claim is based on alleged violations of 11 U.S.C. § 523(a)(2)(A). Julie Wynne Johnson has denied all allegations, filed what she denominates as a "Cross Complaint Against Christopher Merrill Johnson" and filed a demand (apparently in all seriousness) for a jury trial pursuant to her rights under the Constitution of the United States. One can only assume that this is one of the progeny of *Granfinanciera v. Nordberg,* —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

Heretofore there were a myriad of cases standing for the principle that if a case was a core proceeding under 28 U.S.C. § 157(b)(2)(A thru O), a jury trial was not one of the alternatives available to a defendant in an adversary action so brought. Since *Granfinanciera,* id., we know that certain of those holdings may not have been totally correct. However, in the instant case, such holdings as well as holding of like import after *Granfinanciera,* id., as to the issue of dischargeability still seem eminently proper. See *In re Brown,* 103 B.R. 734 (Bkrtcy.D.Md.1989).

There are several reasons why Seventh Amendment jury trials are not available to defendants of these type. Some of those reasons are:

1. The cause of action involves the administration of the estate, not the recovery of money;

2. There was no common law right to jury trial in 1791 in such cases (in fact there were no such cases in 1791).

3. Defendant filed the bankruptcy and created the jurisdiction in this Court voluntarily.

In view of the foregoing, there is no need to proceed on to the question of private versus public right, and there is no need to suggest the role that bankruptcy courts may or may not play in the orchestration of jury trials in the bankruptcy system.

The Motion of Julie Wynne Johnson for a jury trial is DENIED.

SO ORDERED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.