Dollinger, Gonski, Grossman, Permut & Hirschhorn, Carle Place, N.Y.

**In re John Joseph BARRAL, Debtor.**

**MID ISLAND EQUITIES CORP., Plaintiff,**

v.

**John Joseph BARRAL, Defendant.**

**Bankruptcy No. 90 B 20841.**

**No. 91 ADV. 6001.**

United States Bankruptcy Court, S.D. New York.

May 4, 1992.

## DECISION ON DEBTOR'S REQUEST FOR A JURY TRIAL

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiff, Mid Island Equities Corp. filed a complaint pursuant to 11 U.S.C. § 523(a)(2) objecting to the dischargeability of its claim against the Chapter 7 debtor, John Joseph Barral. The proof of claim which the plaintiff filed with this court is based on two mortgage loans to the debtor in the amounts of $430,000.00 and $630,-000.00, for a total claim of $1,060.00. The debtor included a demand for a jury trial in his answer to the complaint.

The court bifurcated the adversary proceeding and first tried the issue of dischargeability. On May 16, 1991, after an evidentiary trial, the court found that the

plaintiff's claim was nondischargeable under 11 U.S.C. § 523(a)(2) because of fraudulent misrepresentations made by the debtor which were relied on by the plaintiff to its detriment. The debtor now seeks a jury trial as to the determination of the monetary amount of the plaintiff's nondischargeable claim. The plaintiff objects to the debtor's jury demand and has moved for its dismissal.

## DISCUSSION

Both parties agree that when a creditor files a claim against a debtor, a trial by jury is waived by the creditor because a determination of the claim is part and parcel of the process of an allowance and disallowance of claims which is integral to the restructuring of the debtor-creditor relationship, and therefore, a public right. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). *Accord, Langenkamp v. Culp*, 498 U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). The debtor reasons that the plaintiff's claim is core in nature pursuant to 28 U.S.C. § 157(b)(2)(I) and therefore the debtor is entitled to a jury trial, citing *Granfinanciera*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) and *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir.), *vacated and remanded*, —— U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *superseded*, 924 F.2d 36 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991). The debtor fails to recognize that the claim in question is asserted by the plaintiff and not by the debtor. Thus, the questions as to whether or not the plaintiff's claim gives rise to a core proceeding and whether or not the claim against the debtor is for money damages at law, are not relevant. The crucial issue in the instant matter is whether or not a debtor is entitled to a jury trial where a creditor seeks a determination as to allowable damages following a ruling that the creditor's claim is nondischargeable.

It has been held that even if a dischargeability action might be construed as legal in nature, a debtor cannot claim a right to a jury trial because the debtor voluntarily submitted the case to a bankruptcy court, thereby losing any jury trial right otherwise guaranteed by the Seventh Amendment. *N.I.S. Corp. and Ozark Life Insurance Co. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1505–08 (7th Cir.1991). The *Hallahan* court reasoned that a voluntary debtor who forced a creditor to waive the right to a jury trial when the creditor filed a proof of claim should not be allowed to assert a right to a trial by jury with respect to that claim. On the other hand, if a debtor has a pending prepetition state law suit against a creditor which is removed to the bankruptcy court after the commencement of the bankruptcy case, the debtor's right to a jury trial as to that claim should not be lost merely because the debtor voluntarily filed a petition in bankruptcy. *In re Jensen*, 946 F.2d 369 (5th Cir.1991). The debtor's right to a jury trial was lost in the instant case because the claim in question belongs to the creditor and because the creditor submitted its claim against the debtor to the equitable jurisdiction of the bankruptcy court. "Filing a proof of claim denied both the plaintiff and the defendant, debtor, any right to jury trial that they otherwise might have had on that claim." *Jensen*, 946 F.2d at 374.

When the plaintiff creditor submitted its claim against the debtor to the equitable jurisdiction of the bankruptcy court for a determination of nondischargeability, it waived any right to a jury trial as to that claim because a dischargeability action is a type of equitable issue for which there is no right to a jury trial. *Hallahan*, 936 F.2d at 1505–06. The fact that the court bifurcated the trial with respect to the plaintiff's nondischargeability claim by putting off a hearing on damages until after a determination as to dischargeability does not mean that the debtor may claim a jury trial as to the issue of damages. Manifestly, had the trial not been bifurcated, the debtor would not have had a right to a jury trial. *Hallahan*, 936 F.2d at 1506. The procedural bifurcation for administrative purposes only did not enhance the debtor's position, nor did it create a substantive right to a jury trial where no such right existed previously.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. The plaintiff's filing of a proof of claim against the debtor resulted in the denial of any right to a jury trial that either party might otherwise have had with respect to the claim in question.

3. The debtor does not have a right to a jury trial with respect to the amount of damages claimed by the plaintiff arising out of the plaintiff's nondischargeability claim.

4. The debtor's request for a jury trial in this matter is denied. The parties shall arrange for a mutually acceptable trial date.

IT IS SO ORDERED