OAKES, Circuit Judge,
dissenting:
I must respectfully dissent on two grounds.
First, unlike the majority, I find the conduct here to be related to the bankruptcy proceeding. The underlying conduct which the Chapter 7 trustee alleges to be wrongful is that of a creditor occurring during Chapter 11 proceedings and involving — intimately, in my view — the administration of the Chapter 11 proceedings by the debtor-in-possession, with whose Chapter 11 affairs the creditor is alleged in the trustee’s complaint to have unlawfully and improperly interfered. As such, far from being conduct “independent of and outside the reach of the bankruptcy process” in the majority's words, much less “quintessentially [a] suit[] at common law” in the words of Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 56, 109 S.Ct. 2782, 2797, 106 L.Ed.2d 26 (1989), the alleged wrongful conduct is “integrally related,” id. at 60, 109 S.Ct. at 2800, to those Chapter 11 proceedings which, as the Supreme Court puts it, involve by definition “the reformation of debtor-creditor relations_” Id. Put another way, the complaint of the Chapter 7 trustee here, as found by the bankruptcy court and the district court, is that the creditor bank recommended the filing of the Chapter 11 proceedings in the first instance; insisted that certain incompetent *1333 and self-seeking individuals remain in control of the debtor’s business with a resultant waste of the debtor’s assets (primarily by way of failure to provide for appropriate flood insurance); kept these individuals in control by threatening to terminate Chapter 11 financing (woe unto those who hereafter engage in such financing); sought to have it's favored individuals’ outside corporation acquire the debtor’s assets by way of a reorganization requiring court approval; and misused court-approved financing to satisfy its (the creditor’s) pre-petition debt. To me, all, of this conduct “intimately” relates to the Chapter 11 proceedings and their administration by the debtor in possession or supervision thereof by the bankruptcy court. At bottom, therefore, this case falls on the equity side of the dividing line and, thus, in my view, no right to jury trial by trustee or creditor is involved. My reasoning does not depend on the fact that a proof of claim was filed by the creditor before the complaint by the trustee was filed and that any recovery by the trustee would no doubt offset the creditor’s claim, possibly bringing into play considerations of Langenkamp v. Culp, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (per curiam) and Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).[1]
The second point of my dissent is more general in nature. It stems not just from the posture of this case, but from the effects of another decision in this court, In re Ben Cooper, Inc., 896 F.2d 1394 (2d Cir.) (“Ben Cooper I”) vacated, Insurance Co. of Pennsylvania v. Ben Cooper, Inc., 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990) (on jurisdictional grounds), on remand, In re Ben Cooper, Inc., 924 F.2d 36 (2d Cir.1991) (“Ben Cooper II”) (proper jurisdiction found, original opinion reinstated), which left open a critical question. The problem lying in wait for us, since the panel majority has determined that a jury trial is required by the Seventh Amendment, is the following: before whom is the trial to be held — an Article I bankruptcy judge or an Article III district court judge? This question was left open in Granfinan-ciera, 492 U.S. at 64, 109 S.Ct. at 2802. It was dealt with in Ben Cooper I where the court said that bankruptcy courts have statutory authority to conduct jury trials in certain proceedings, 896 F.2d at 1402-03 (re validity of post-petition insurance policy), and that such a grant' of authority by Congress does not violate the constitutional demands of either the Seventh Amendment, id. at 1403, or Article III, id. at 1403-04.[2]
Our court’s Ben Cooper I decision in this respect has not met with approval either in the courts or among the commentators. The Eighth Circuit held in In re United Missouri Bank, N.A., 901 F.2d 1449 (8th Cir.1990) that Congress had not conferred authority upon the bankruptcy courts to try jury trials and declined to reach the constitutional issues. The Tenth Circuit with both United Missouri Bank and Ben Cooper I before it followed the former in In re Kaiser Steel Corp., 911 F.2d 380, 389 (10th Cir.1990). In conformity with the Eighth and Tenth Circuits, an Arkansas Law Review commentator has concluded that:
Congress did not expressly confer upon bankruptcy judges the authority to conduct jury trials. Because jury trial authority could raise constitutional questions and because it is not necessary for the operation of the bankruptcy system, it should not be implied by the courts. If authority does exist, it is unlikely that *1334 jury trials conducted by a bankruptcy judge would meet the requirements of article III.
Note, In re Ben Cooper, Inc.: Time to Build Jury Boxes in Bankruptcy Courtrooms?, 44 Ark.L.Rev. 697, 729 (1991).
Evident from Douglas G. Baird’s critique, The Seventh Amendment and Jury Trials in Bankruptcy, 1989 Sup.Ct.Rev. 261 (1989), it is clear that serious questions are here involved, warranting Supreme Court, en banc or even Congressional review.
Where is this issue left by today’s decision? The bankruptcy court here simply said, in its order dated September 6, 1989, “Both parties agree that the bankruptcy court has no authority to conduct a jury trial so that that issue, expressly left undecided by Granfinanciera, is not before me for a ruling,” (A. 42), and directed the parties “to take appropriate steps to remove the proceeding from the bankruptcy court.” The district court, in its order of March 22, 1990, affirming the right to jury trial in light of “the fact that this adversary proceeding was commenced in 1987 and the substantial potential for further delay if the case is to be removed from the bankruptcy court to be tried in an as yet undetermined forum,” remanded the case to the bankruptcy court for consideration in light of Ben Cooper of the issue whether it can conduct a jury trial on the instant claims.
Instead of denying a § 1292(b) certification at that point (since there was no district court determination as to which court would conduct the jury trial) on the ground that there would be no material advancement of the ultimate termination of the litigation, this court determined that it lacked jurisdiction to consider the petition. Germain v. Connecticut Nat. Bank, 926 F.2d 191 (2d Cir.1991). This judgment was reversed by the Supreme Court and the case remanded, — U.S. -, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Our court then granted the § 1292(b) petition leaving the question still open. While we might have saved the period of time since argument by simply remanding on the basis of an improvident grant, e.g., Slade v. Shearson, Hammill & Co., Inc., 517 F.2d 398 (2d Cir.1974); New York City Health & Hospitals Corp. v. Blum, 678 F.2d 392 (2d Cir. 1982), we did not do so and the case now goes back three years after the district court order remanding to the bankruptcy court, for further findings on the key legal/constitutional issue. Presumably if the matter comes back to us on a § 1292(b) petition, before trial or after, we may get around to determining this issue.
I would decide it now, for the guidance of the district court and the bankruptcy court in the interests of promoting the termination of this litigation, now almost a decade after the underlying facts and six years from the trustee’s complaint. The general creditors, whose assets are being eaten by the litigation, deserve that much. I therefore also dissent from so much of the opinion as remands without deciding the issue as to which court should conduct the jury trial it erroneously, in my opinion, orders.
So saying, I fully recognize that ordinarily the grant of a § 1292(b) certification would certainly not require consideration of matters not yet ruled upon by the district court (much less remanded by a district court to a bankruptcy court), in the interests of avoiding opinions that are advisory only. See, e.g., Stern v. United States Gypsum Inc., 547 F.2d 1329, 1333-34 (7th Cir.), cert. denied, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). But as Judge Friendly put it in Bersch v. Drexel Firestone, Inc., 519 F.2d 974, 994-95 (2d Cir.), cert. denied, 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975), the reviewing court’s powers “are not so narrowly circumscribed as to preclude consideration and resolution of questions other than those specifically regarded as controlling by the district court at the time of its certification order.” See also Slade v. Shearson, Hammill & Co., 517 F.2d at 400.
Further so saying, I would have no hesitation in stating my views as to whether bankruptcy courts have to build jury boxes in their courtrooms. Those views, if *1335 adopted, would probably require an en banc in light of Ben Cooper I. But to elaborate upon them here, in a dissent, seems about as advisory and futile an exercise as could be imagined. Suffice it to say that, having picked up this tiger of a case by the tail and given the tail a tweak to boot, this court should not simply dump the tiger back on its district/bankruptcy court keepers without a whisker of guidance. At least where, as here, the tiger has gobbled up more than its share of judicial and financial nourishment.

. The Seventh Circuit has also since held that a trustee or debtor-in-possession has no right to demand a jury trial on a claim filed by a creditor. Matter of Hallahan, 936 F.2d 1496 (7th Cir.1991); but cf. In re Jensen, 946 F.2d 369 (5th Cir.1991) (jury trial on pre-petition, common law action preserved after bankruptcy). A number of bankruptcy courts have agreed at least in result with the Seventh Circuit, and one need not agree with its waiver reasoning similarly to agree. See e.g., In re Barral, 139 B.R. 789, 790 (Bankr.S.D.N.Y.1992); In re Haile Co., 132 B.R. 979, 980-81 (Bankr.S.D.Ga.1991); In re McLaren, 129 B.R. 480, 483-84 (Bankr.N.D.Ohio 1991); In re Malkove & Womack, Inc., 122 B.R. 444, 445 (Bankr.N.D.Ala. 1990); In re Johnson, 110 B.R. 433, 434 (Bankr.W.D.Mo.1990).

. This aspect of the decision was not referred to in the post-Supreme Court Ben Cooper opinion, 924 F.2d 36 (Ben Cooper II).