**In re Ian David ABBO.**

**ROSSI, McCREERY AND ASSOC., INC., et al., Plaintiffs,**

v.

**Ian David ABBO, Defendant.**

Bankruptcy No. 92–33391.
Adv. No. 92–3577.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Jan. 19, 1996.

Jack Brady, Toledo, OH, for Plaintiffs.

Ian David Abbo, Toledo, OH, Pro se.

## OPINION AND ORDER DENYING MOTION FOR STAY PENDING APPEAL

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on Debtor/defendant Ian David Abbo's (the "Debtor") motion for stay of this adversary proceeding pending his interlocutory appeal to the United States Supreme Court of an order entered by the Honorable District Court Judge James Carr which order remanded this adversary to the Bankruptcy Court (the "Remand Order"). Since the Debtor has failed to demonstrate either a likelihood of success on the merits of his appeal or potential irreparable injury, the Court finds that the Debtor's motion for stay is not well taken and should be denied.

### *FACTS AND PROCEDURAL BACKGROUND*

The complaint filed by Rossi, McCreery and Associates, Inc. and Scott Rossi ("Rossi") seeks to except from discharge a judgment awarding Rossi punitive damages in Rossi's action for abuse of process and malicious prosecution against the Debtor based on a jury verdict entered in the Court of Common Pleas of Lucas County in November, 1991 (the "State Court Action"). *See Rossi, McCreery & Assoc., Inc. v. Abbo,* Case No. 89–0968 (Ct.Comm.Pl. November 5, 1991), *mot'n new trial denied,* (Ct.Comm.Pl.

December 2, 1991), *aff'd,* Case No. L–91–435, 1993 WL 452021 (Ohio Ct.App. November 5, 1993). The Debtor's collateral attack on the judgment under Ohio R.C.P. 60(B)(3) was unsuccessful. *See Rossi, McCreery & Assoc., Inc. v. Abbo,* 1994 WL 424084, Case No. L–93–273 (Ohio Ct.App. August 12, 1994), *appeal dismissed,* 71 Ohio St.3d 1444, 644 N.E.2d 407 (1995), *reconsideration denied* 71 Ohio St.3d 1481, 645 N.E.2d 1260 (1995).

The plaintiffs filed their complaint to determine dischargeability on December 12, 1992.

On December 1, 1993, the Honorable Richard Speer transferred this adversary proceeding to the District Court based on the Debtor's jury demand. The Honorable District Court Judge David Dowd withdrew the reference of this adversary proceeding sua sponte on February 8, 1994. Judge Carr entered the Remand Order on September 20, 1994, finding that the issue of dischargeability was not triable before a jury. *See Rossi, McCreery & Assoc., Inc. v. Abbo,* Case No. 3:94CV7073 at p. 2 (N.D.Ohio September 22, 1994), *motion reconsider denied,* Case No. 3:94CV7073 (N.D.Ohio December 16, 1994), *appeal dismissed,* Case No. 94–07073 (6th Cir. August 15, 1995), *cert. filed,* Case No. 95–7241 (December 14, 1995).

Chief Bankruptcy Judge James Williams reassigned the instant adversary proceeding to this Court on December 15, 1995 after Judge Speer recused himself pursuant to 11 U.S.C. § 105.

## *DISCUSSION*

■ The Debtor has not established his entitlement to a stay pending his appeal of the Remand Order.

### APPLICABLE RULE

Rule 8005 states, in relevant part, that:

[a] motion for ... other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.... [T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Fed.R.Bankr.P. 8005. *See also* 11 U.S.C. § 105(a) (providing that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]").

### BURDEN OF PROOF

■ The Debtor bears the burden of proof on the instant motion by the preponderance of the evidence. *Sicherman v. Ohio Rehabilitation Services Comm'n (In re Dial Indus., Inc.),* 137 B.R. 247, 249 (Bankr.N.D.Ohio 1992) (citation omitted).

### WHETHER THE DEBTOR HAS ESTABLISHED HIS ENTITLEMENT TO A STAY PENDING APPEAL

■ In order to obtain a stay pending appeal, the Debtor must establish his entitlement to an injunction. *In re Grand Traverse Dev. Co. Ltd. Partnership,* 151 B.R. 792, 796 (W.D.Mich.1993); *In re Barnes,* 119 B.R. 552, 557–58 (S.D.Ohio 1989) (citations omitted); *cf. Michigan Coalition of Radioactive Material Users v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991) (applying injunction standard in determining movant's entitlement to stay pending appeal under Fed.R.App.P. 8(a)) (citations omitted). Therefore, the Court must consider:

(1) the likelihood of the [Debtor's] success on the merits, (2) whether [the Debtor] will suffer irreparable injury without the injunction, (3) the harm to others which will occur if the injunction is granted, and (4) whether the injunction would serve the public interest.

*American Imaging Services, Inc. v. Eagle–Picher Indus., Inc. (In re Eagle–Picher Indus., Inc.,)* 963 F.2d 855, 858 (6th Cir.1992).

■ The Sixth Circuit has stated that "the four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied". *In re Eagle–Picher Indus., Inc.,* 963 F.2d at 859 (citing *Unsecured Creditors' Comm. of DeLorean Motor Co. v. DeLorean (In re DeLorean Motor Co.),* 755 F.2d 1223, 1229 (6th Cir.1985)). Nonetheless, "equity has

traditionally required ... irreparable harm before an interlocutory injunction may be issued." *Friendship Materials, Inc. v. Michigan Brick Inc.*, 679 F.2d 100, 103 (6th Cir. 1982) (citations omitted.).

## THE DEBTOR'S LIKELIHOOD OF SUCCESS ON APPEAL

The Debtor has not established a likelihood of success on appeal. *Michigan Coalition of Radioactive Material Users*, 945 F.2d at 153 (stating, in the context of Fed. R.App.P. 8(a), that "a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal").

The Sixth Circuit Court of Appeals found the Debtor's appeal to be procedurally defective.

Assuming arguendo that the issue of the Debtor's entitlement to a jury trial is properly before the United States Supreme Court, the Debtor's likelihood of success on appeal is extremely remote.

The judgment in the State Court Action is preclusive as to the Debtor's liability to the plaintiffs and the amount of such liability. 28 U.S.C. § 1738; *see In re Everett*, 178 B.R. 132, 140–41 (Bankr.N.D.Ohio 1994) (finding that state court judgments were res judicata as to debtor's liability to creditors and the amount of such liability); *cf. Rally Hill Productions, Inc. v. Bursack (In re Bursack)*, 65 F.3d 51 (6th Cir.1995) (finding that Tennessee state court judgment was entitled to collateral estoppel effect in action under 11 U.S.C. § 523(a)). Consequently, the only issue before the Court in this adversary is the issue of dischargeability.

This Court's extensive research indicates that all of the courts which have decided the issue are in accord with Judge Carr's ruling that a debtor is not entitled to a jury trial on the issue of dischargeability. *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 960–61 (6th Cir.1993) (citing *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496 (7th Cir.1991)); *Estate of Samson v. Ward (In re Ward)*, 184 B.R. 253, 256–57 (Bankr.D.S.C. 1995); *Mid Island Equities Corp. v. Barral (In re Barral)*, 139 B.R. 789, 790–91 (Bankr. S.D.N.Y.1992); *Hays v. Cummins (In re Cummins)*, unpublished, 1992 WL 219799 at \*1, Case No. 92–6508 (Bankr.W.D.Ark.1992); *Boatmen's Bank of Columbia v. Johnson (In re Johnson)*, 110 B.R. 433, 434 (Bankr. W.D.Mo.1990); *Waker v. Brown (In re Brown)*, 103 B.R. 734 (Bankr.D.Md.1989); *see also Merrill v. Walter E. Heller & Co. of Alabama (In re Merrill)*, 594 F.2d 1064, 1067–68 (5th Cir.1979) (finding that debtor was not entitled to jury trial on issue of dischargeability under the Bankruptcy Act).

## THE POTENTIAL IRREPARABLE INJURY TO THE DEBTOR

The Debtor has failed to establish that he will be irreparably harmed absent a stay pending appeal. *See Michigan Coalition of Radioactive Material Users*, 945 F.2d at 154 (examining "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided") (citation omitted). This factor, taken alone, warrants denial of the Debtor's motion for stay. *See Friendship Materials, Inc.*, 679 F.2d at 105 (stating that "[a] district court abuses its discretion when it grants a preliminary injunction without making specific findings of irreparable injury to the party seeking the injunction, and such an injunction must be vacated on appeal") (citations omitted); *see also Harris v. United States*, 745 F.2d 535, 536 (8th Cir.1984) (per curiam) (stating that "the absence of a showing of irreparable injury is, in itself, sufficient grounds on which to deny a preliminary injunction") (citations omitted).

> In evaluating the degree of injury, it is important to remember that '[t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'

*Michigan Coalition of Radioactive Material Users*, 945 F.2d at 154 (quoting *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 952–53, 39 L.Ed.2d 166 (1974)) (other citation and internal quotation marks omitted).

■ The monetary harm that the Debtor would suffer if the plaintiffs are permitted to enforce their prepetition state court judgment against him does not constitute irreparable harm. *Cf. Shelly's, Inc. v. Food Concepts of Wisconsin, Inc. (In re Shelly's, Inc.),* 87 B.R. 931, 935–36 (Bankr.S.D.Ohio 1988) (finding that the alleged contractual damages which plaintiff would incur absent a temporary restraining order did not constitute irreparable harm).

This Court's final judgment may moot the Debtor's appeal of the Remand Order. Further, any harm to the Debtor arising from the alleged errors of the District Court and the Bankruptcy Court can be effectively remedied by an appeal after a final judgment is entered in this adversary. *Hadar Leasing Int'l Co. v. D.H. Overmyer Telecasting Co. (In re D.H. Overmyer Telecasting Co.),* 18 B.R. 110, 113 (Bankr.N.D.Ohio 1982); *see also Star Bank Nat'l Assoc. v. Newartesian Ltd. Partnership (In re Artesian Indus., Inc.),* unpublished, 1993 WL 590021 at *3–4, Nos. 92–62018, 93–6121 (Bankr.N.D.Ohio 1993) (finding that movant which sought stay pending appeal of interlocutory order failed to establish irreparable injury where movant had the right to appeal court's final judgment); *cf. Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians,* 471 U.S. 845, 857 n. 22, 105 S.Ct. 2447, 2454 n. 22, 85 L.Ed.2d 818 (1985) (stating that "[i]t is a fundamental principle of long standing that a request for an injunction will not be granted as long as an adequate remedy at law is available") (citations omitted).

## THE POTENTIAL HARM TO THE PLAINTIFFS

The plaintiffs obtained a judgment against the Debtor in November, 1991. The equities balance against further delaying the determination of this adversary proceeding pending the United States Supreme Court's ruling on the Debtor's apparently frivolous appeal of the Remand Order.

## THE PUBLIC INTEREST

Finally, the public interest weighs against granting the Debtor's motion for stay. *Cf. Elliott v. Four Seasons Properties, Inc. (In re Frontier Properties, Inc.),* 979 F.2d 1358, 1362 (9th Cir.1992) (stating that "[t]he final judgment rule was designed to prevent piecemeal litigation, conserve judicial energy, and eliminate delays caused by interlocutory appeals") (citations omitted).

In light of the foregoing, it is therefore

ORDERED that the Debtor's motion for stay be, and it hereby is, denied.